**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAMES ROBERT SMART,

    Defendant-Appellant.

No. 00-6458

---

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. CR-00-67-T)**

---

Submitted on the briefs.[*]

Daniel G. Webber, Jr., United States Attorney, Arlene Joplin, Assistant United States Attorney, and Jerome A. Holmes, Assistant United States Attorney, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

Burck Bailey and Warren F. Bickford of Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, Oklahoma, for Defendant-Appellant.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case was therefore ordered submitted without oral argument on September 19, 2001.

Before **LUCERO,** Circuit Judge, **BRORBY**, Senior Circuit Judge, and **ROGERS**,[**] District Judge.

---

**BRORBY**, Senior Circuit Judge.

---

A jury convicted James Robert Smart of bribing a government official in violation of 18 U.S.C. § 666(a)(2).  Federal agents developed significant evidence used against Mr. Smart during the trial through the use of wiretaps allowing agents to hear and record Mr. Smart's telephone conversations.  Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended, 18 U.S.C.§§ 2510 - 2522 (1994 & Supp. 2000), requires federal agents seeking a wiretap authorization to obtain approval first from the Attorney General, or a designated Assistant Attorney General, and then in turn from a federal judge of competent jurisdiction.  *United States v. Castillo-Garcia*, 117 F.3d 1179, 1184-85 (10th Cir.), *cert. denied*, 522 U.S. 962, 522 U.S. 974 (1997).  Moreover, agents may only obtain authorization to investigate certain serious offenses enumerated by statute.  18 U.S.C. § 2516.  Mr. Smart asserts on appeal that during this wiretap authorization procedure, investigating authorities and two federal judges made references to offenses not enumerated in the statute, thereby rendering the

---

[**]  The Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation.

authorization and recordings illegal. Mr. Smart concludes he is entitled to a new trial because the illegally obtained telephone recordings should have been suppressed by the district court. Because we conclude the wiretap authorizations were legal, we affirm the district court's ruling.

BACKGROUND

In the late 1990s an extensive federal investigation focused on the activities of Brent Eugene VanMeter, an Oklahoma State Department of Health official responsible for the oversight of nursing homes throughout Oklahoma. Using a variety of conventional investigation techniques, federal agents came to suspect several illegal schemes designed to make money through defrauding the government and nursing home patients. Hoping to flush out the extent of these illegal activities, investigators sought permission to intercept the suspects' telephone conversations.

On March 9, 2000, investigators obtained a memorandum from an Assistant Attorney General allowing them to seek a court order authorizing interception of wire communications for thirty days in order to investigate possible violations of seven federal offenses. Five of these offenses are clearly enumerated as subject

to investigation by wiretap.[1]  18 U.S.C. § 2516(1)(c).  However, the United States Code sections involving two of the seven offenses are not specifically mentioned in 18 U.S.C. § 2516.  These two offenses are 18 U.S.C. § 371 (conspiracy to violate the laws of the United States) and 42 U.S.C. § 1320a - 7b (fraud relating to federal health care programs).  42 U.S.C. § 1320a - 7b is clearly not an offense enumerated in 18 U.S.C. § 2516.  However, § 2516 does state that a federal judge may authorize interception of wire communications "when such interception may or has provided evidence of ... *any conspiracy to commit any offense described* in any subparagraph of this paragraph," thereby arguably extending to 18 U.S.C. § 371.  18 U.S.C. § 2516(1)(p) (emphasis added).[2]

The next day, a Department of Justice official submitted an application for authorization to intercept wire communications to a United States district court judge.  In two places this application incorrectly characterized all seven of the

---

[1]  These five offenses are 18 U.S.C § 1951 (interference with commerce by threats or violence); 18 U.S.C. § 1952 (interstate and foreign travel or transportation in aid of racketeering enterprises); 18 U.S.C. § 1956 (laundering of monetary instruments); 18 U.S.C. § 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity); and 18 U.S.C. § 1343 (fraud by wire, radio, or television).

[2]  18 U.S.C. § 2516(1) contains an apparent drafting error.  It includes two subparts (p).  The conspiracy provision is in the second (p).

suspected offenses as enumerated in 18 U.S.C. § 2516(1)(c).[3]  Later that day, the

district court issued an order authorizing federal agents to proceed with the

wiretaps.  Using language closely tracking the application, the district court's

findings also incorrectly characterized all seven of the suspected offenses as

---

[3]  For example, the March 10, 2000 Application for Authorization to Intercept Wire Communications states:

This Application seeks authorization to intercept wire communications of [the suspected offenders] ... *concerning offenses enumerated in Section 2516 of Title 18, United States Code* (Authorization for Interception of Wire Communications), *that is, offenses involving violations of:*

> 1.  *Title 18, United States Code, Section 371 proscribes the engaging in a conspiracy to violate the laws of the United States*;
> 2.  Title 18, United States Code, Section 1951 proscribes *inter alia*, the obtainment of money or property through extortion;
> 3.  Title 18, United States Code, Section 1952 proscribes interstate transportation in aid of racketeering enterprises;
> 4.  Title 18, United States Code, Sections 1956 and 1957 proscribe money laundering;
> 5.  Title 18, United States Code, Section 1343 proscribes a scheme to defraud through the use of an interstate wire; and
> 6.  *Title 42, United States Code, Section 1320a-7b fraud relating to federal health care programs.*

(Emphasis added.)

enumerated in 18 U.S.C. § 2516(1)(c).[4] However, in the portion of the order

setting out the district court's directives, authorization to intercept wire

communications was limited to only three of the seven offenses.[5] These offenses

[4] The wiretap order states:

A. There is probable cause to believe that [the suspects] have committed, are committing, or are about to commit offenses involving violations of:

     1. *Title 18, United States Code, Section 371 proscribes the engaging in a conspiracy to violate the laws of the United States*;
     2. Title 18, United States Code, Section 1951 proscribes *inter alia*, the obtainment of money or property through extortion;
     3. Title 18, United States Code, Section 1952 proscribes interstate transportation in aid of racketeering enterprises;
     4. Title 18, United States Code, Sections 1956 and 1957 proscribe money laundering;
     5. Title 18, United States Code, Section 1343 proscribes a scheme to defraud through the use of an interstate wire; and
     6. *Title 42, United States Code, Section 1320a-7b fraud relating to federal health care programs; which violations are set forth in Title 18 United States Code, Section 2516(1)(c)*.

(Emphasis added.)

[5] The order states:

     WHEREFORE, IT IS HEREBY ORDERED that Special Agents of the Federal Bureau of Investigation are authorized, pursuant to an application authorized by an appropriate official of the Criminal Division, United States Department of Justice, pursuant to

were 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 1951 (interference with commerce by threats or violence), and 18 U.S.C. § 1952 (interstate and foreign travel or transportation in aid of racketeering).

For the next thirty days, federal agents proceeded to intercept telephone calls and gather evidence against the targets of their investigation. On April 11, 2000, the Assistant Attorney General gave permission to seek a second wiretap order extending the wiretap authorization an additional thirty days. This memorandum added two additional offenses to the previous seven, referencing a total of nine possible statutory violations. The added offenses were 18 U.S.C. § 1341 (relating to mail fraud) and 18 U.S.C. § 1518 (obstruction of criminal investigation of health care offenses). Section 1341 is enumerated; however, 18 U.S.C. § 1518 is not an enumerated offense subject to wiretap investigation under federal law. 18 U.S.C. § 2516. The Department of Justice then submitted an application for an extension of time on the previous wiretap order. This application also incorrectly characterized all the suspected offenses as enumerated

---

the power delegated to that official by special designation of the Attorney General under the authority vested in him by Section 2516 of Title 18, United States Code: to intercept wire communications of [the suspects] ... concerning the offenses set forth in paragraph A, section 1-3, of this Order [*see* note 4, *supra*] ....

in 18 U.S.C. § 2516. This second application was approved by a different federal judge. The second order also incorrectly stated in the findings that all nine offenses were enumerated in 18 U.S.C. § 2516. But once again, the order authorized the use of wiretaps only for 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 1951 (interference with commerce by threats or violence), and 18 U.S.C. § 1952 (interstate and foreign travel or transportation in aid of racketeering).

On April 17, 2000, federal agents intercepted a telephone call between Mr. VanMeter and Mr. Smart. During this call, Mr. Smart agreed to give Mr. VanMeter money in exchange for Mr. VanMeter's promise to falsify government records with respect to Mr. Smart's nursing home business. After the two men met, allegedly for Mr. Smart to deliver the money to Mr. VanMeter, both men were arrested. At a joint trial, Mr. Smart moved to suppress recorded telephone conversations, arguing that the wiretap orders were unlawful. The district court refused to suppress the telephone conversations. A jury convicted both men, and the district court judge sentenced each to prison terms.

## DISCUSSION

On appeal, Mr. Smart argues references to non-enumerated offenses in the wiretap application materials and orders rendered those orders "invalid on their

face," and "fundamentally flawed." The government counters that in referring to non-enumerated offenses "the Government was simply fulfilling its statutory duty to fully disclose to the court the nature and scope of the investigation." The district court agreed with the prosecution, explaining that "a statement of the government's belief that certain non-enumerated offenses had been committed in addition to enumerated offenses does not render invalid the subsequent orders authorizing a wiretap to investigate three enumerated offenses."

Title III of the Omnibus Crime Control and Safe Streets Act allows judges of competent jurisdiction to issue *ex parte* orders authorizing interception of wire communications where an application from authorized investigators shows probable cause of the commission of one or more certain enumerated offenses.

> [T]he judge may enter an ex parte order ... authorizing or approving interception of wire, oral, or electronic communications ... if the judge determines on the basis of the facts submitted by the applicant that –
>
> (a) there is probable cause for belief that an individual is committing, has committed, or is about to commit a particular offense enumerated in section 2516 of this chapter ....

18 U.S.C. § 2518(3). On appeal from a motion to suppress evidence obtained pursuant to such a wiretap, we accept the district court's factual findings unless clearly erroneous and review questions of law *de novo*. *Castillo-Garcia*, 117 F.3d at 1186. Because the issue of whether references to non-enumerated offenses in

wiretap application materials and orders invalidates those orders is entirely one of law, we apply *de novo* review. Nevertheless, "a wiretap authorization order is presumed proper, and a defendant carries the burden of overcoming this presumption." *United States v. Quintana*, 70 F.3d 1167, 1169 (10th Cir. 1995). We read applications for wiretap orders "in a practical and commonsense manner rather than hypertechnically." *United States v. Johnson*, 645 F.2d 865, 867 (10th Cir.), *cert. denied*, 454 U.S. 866 (1981). Mr. Smart's argument for the suppression of telephone conversations obtained through use of the March 10, 2000 and April 11, 2000 wiretap orders is best addressed in two parts. First, we consider whether the orders' inclusion of 18 U.S.C. § 371 as a predicate for the wiretaps constituted an unlawful authorization to investigate a general conspiracy. Second, we discuss whether references in wiretap application documents and orders to non-enumerated offenses, some of which are incorrectly characterized as enumerated, invalidate those wiretap orders.

Initially, Mr. Smart argues the March 10, 2000 and April 11, 2000 wiretap orders unlawfully "authorized an investigation into a *general* conspiracy." Although § 371 is not specifically mentioned on the list of offenses subject to wiretap investigation, a conspiracy to commit any of the other offenses enumerated in 18 U.S.C. § 2516(1) is a lawful predicate for a wiretap. 18 U.S.C.

-10-

2516(1)(p). Accordingly, at least one district court has explicitly held it is permissible for an order to include authorization to wiretap for evidence of a violation of 18 U.S.C. § 371. *United States v. Arnold*, 576 F. Supp. 304, 310 n.4 (N.D. Ill. 1983), *aff'd*, 773 F.2d 823 (7th Cir. 1985). Moreover, there are several cases upholding orders predicating wiretaps in part on 18 U.S.C. § 371 where defense counsel made no challenge to inclusion of the offense. *See, e.g.*, *United States v. Argusa*, 541 F.2d 690, 692 (8th Cir. 1976), *cert. denied*, 429 U.S. 1045 (1977); *United States v. Gambino*, 734 F.Supp. 1084, 1088 (S.D.N.Y. 1990), *aff'd in part rev'd in part on other grounds*, 920 F.2d 1108 (2d Cir. 1990); *United States v. Escandar*, 319 F.Supp. 295, 297 (S.D. Fla. 1970).

Contrary to Mr. Smart's contention, there is no reason to assume the Federal Bureau of Investigation was investigating general conspiracy. Because the order included two other expressly enumerated offenses – in addition to § 371 – a plausible interpretation order is that it authorized investigation of a conspiracy to commit either or both of the other two explicitly enumerated offenses. Since we must presume the wiretap orders were valid, we interpret the orders as predicating the wiretaps upon only a conspiracy to commit 18 U.S.C. § 1951 and 18 U.S.C. § 1952. Thus, a common sense reading of the orders in this case does not suggest the wiretapping was based on suspicion of a general conspiracy.

-11-

Given the facts of this case, we hold 18 U.S.C. § 371 was an enumerated offense for the purposes of 18 U.S.C. § 2516, where the wiretap order concurrently authorized investigation of two other offenses specifically listed in § 2516. However, this case presents no opportunity to determine whether a wiretap order including only 18 U.S.C. § 371, without additional explicitly enumerated offenses, would survive appellate review.

Mr. Smart also argues the wiretap application documents and orders are invalid because they refer to non-enumerated offenses and incorrectly characterize some of those offenses as enumerated. Title III of the Omnibus Crime Control and Safe Streets Act allows judges to authorize wiretaps where, among other requirements, an application shows probable cause to suspect an enumerated offense. 18 U.S.C. § 2518(3)(a). Title III further provides for the suppression of all evidence derived from a wiretap if "the communication was unlawfully intercepted," or "the order of authorization or approval under which it was intercepted is insufficient on its face," or "the interception was not made in conformity with the order of authorization or approval." 18 U.S.C. § 2518(10)(a). The Supreme Court has elaborated that we should "require suppression where there is failure to satisfy any of those statutory requirements that directly and substantially implement the congressional intention to limit the use of intercept

procedures." *United States v. Giordano*, 416 U.S. 505, 527 (1974).

It does not follow from these rules that where investigators suspect *both* enumerated *and* non-enumerated offenses wiretaps are impermissible. *See United States v. McKinnon*, 721 F.2d 19, 21-23 (1st Cir. 1983) (holding authorization to investigate enumerated offenses was lawful where officers advised the court that conversations relating to non-enumerated offenses might inadvertently be intercepted). To hold otherwise would create perverse incentives for law enforcement officers to only disclose suspicion of enumerated crimes and for criminals to commit non-enumerated offenses to insulate their communications from interception. Mr. Smart presents no case law, and we can find none, indicating mere references to non-enumerated offenses will invalidate wiretap application documents or orders.[6] Nevertheless, we are troubled by the wiretap application materials' and orders' incorrect characterizations of 42 U.S.C. § 1320 and 18 U.S.C. § 1518 as enumerated offenses under the wiretap statute. These

---

[6] On the contrary, in *United States v. Levine* a federal district judge persuasively reasoned failure to disclose evidence of other non-enumerated offenses "might give rise to an inference of bad faith." 690 F. Supp. 1165, 1170 (E.D.N.Y. 1988). *See also United States v. O'Neill*, 27 F. Supp.2d 1121, 1127 (E.D. Wisc. 1998) ("[The Defendant] offers no support for his argument that inclusion of a reference to a non-listed offense in the surveillance authorizations completely invalidates those authorizations.").

two offenses are not included in 18 U.S.C. § 2516. The government's insistence that inclusion of the non-enumerated offenses was merely a forthright attempt to disclose the full and complete facts and circumstances surrounding the investigation does not explain misrepresentation about whether offenses are enumerated.

The failsafe of these misleading documents lies in the limited scope of the offenses actually approved for wiretap investigation. Although the March 10, 2000 and April 11, 2000 orders discuss suspicion of both enumerated and non-enumerated offenses, the orders authorize investigation only of three enumerated offenses. The record on appeal provides no indication that these three offenses were a false pretext or subterfuge to justify investigation of non-enumerated crimes. Rather, what we have are two poorly drafted but narrowly authorizing orders. We cannot say that either reference to non-enumerated statutes or even the incorrect description of two non-enumerated statutes as enumerated amounts to a failure to satisfy a statutory requirement that directly and substantially implements congressional intent. This is to say these misidentifications in the application materials and findings of the orders "did not affect the fulfillment of any of the reviewing or approval functions required by Congress." *United States v. Chavez*, 416 U.S. 562, 575 (1974). Rather, the federal judges issuing the

orders fulfilled their reviewing function by limiting the scope of the wiretap investigation to only three enumerated offenses. Accordingly, we hold the incorrect description of suspected non-enumerated offenses as enumerated in application materials and findings in a wiretap order does not invalidate that order where the authorization to wiretap itself was limited to only enumerated offenses. The question of whether an order authorizing wiretapping in investigation of both enumerated and non-enumerated offenses would survive review is saved for another day.

For these reasons, we reject Mr. Smart's contention that the incriminating telephone conversations were unlawfully intercepted. We **AFFIRM** the trial court's order denying his motion to suppress.[7]

---

[7] The government filed a motion to supplement the record, asking to include a transcript of an April 17, 2000 telephone conversation between Mr. VanMeter and Mr. Smart. Because a transcript of the April 17 conversation would not materially aid our decision, the government's motion to supplement the record is denied.