UNITED STATES of America, Appellee,

v.

RUSSO, et al., Defendants.

Appeal of Joseph CORRAO, a/k/a "Joe Butch", Defendant.

No. 1008, Docket 89–1503.

United States Court of Appeals, Second Circuit.

Argued April 2, 1990.

Decided June 28, 1990.

Gerald L. Shargel (Alan S. Futerfas, New York City, of counsel), for defendant-appellant.

Peter M. Lieb, New York City, Asst. U.S. Atty., S.D.N.Y. (Otto G. Obermaier, U.S. Atty., S.D.N.Y., Andrew E. Tomback, Kerri Martin Bartlett, Asst. U.S. Attys., of counsel), for appellee.

Before FEINBERG, PRATT, and WALKER, Circuit Judges.

PER CURIAM:

Joseph Corrao appeals on double jeopardy grounds from a judgment of the United States District Court for the Southern District of New York, Shirley Wohl Kram, *Judge*, convicting him after a one-week jury trial of obstructing justice in violation of 18 U.S.C. § 1503, and conspiring to obstruct justice in violation of 18 U.S.C. § 371. We reverse and, at the government's request, remand for entry of a *nolle prosequi*.

Corrao was initially prosecuted for a RICO conspiracy in the Eastern District of New York and was acquitted. One of the predicate acts alleged in the RICO prosecution was the identical obstruction of justice for which Corrao was later tried and convicted in the present case. In *Grady v. Corbin,* — U.S. —, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), decided after this appeal was argued, the Supreme Court ruled that "the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Id.* at —, 110 S.Ct. at 2085.

We directed the parties to submit letter briefs addressing the impact of *Grady* on the present case. In its letter brief, the government conceded that prosecution of the obstruction of justice charges in the Southern District following acquittal of the RICO conspiracy in the Eastern District was inconsistent with the "conduct" test announced in *Grady*. The government therefore moved to remand this case to the district court for the purpose of entering a *nolle prosequi*. We grant the government's motion, reverse the judgment of conviction, and remand the case to the district court for entry of a *nolle prosequi*.

So ordered.