65 F.3d 170
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James A. O'CONNOR, Defendant-Appellant.
 Nos. 94-2381, 93-4038.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 24, 1995.*
Decided Aug. 25, 1995.
 
 Before BAUER, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 In August, 1990, a jury convicted James A. O'Connor of conducting his business enterprise through a pattern of racketeering activity in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sec. 1962(c). We affirmed that conviction on appeal. United States v. O'Connor, 953 F.2d 338 (7th Cir.), cert. denied, 504 U.S. 924 (1992). O'Connor now moves pursuant to Fed.R.Crim.P. 32 and 35[1] to amend his presentence investigation report (PSR) and to challenge the restitution imposed as part of his sentence. In a consolidated case, he also appeals the district court's order to enroll O'Connor in the Inmate Financial Responsibility Program (IFRP). We affirm in both cases.
 
 A. Rules 32 and 35 Motions
 
 2
 O'Connor first argues that his PSR is ambiguous and requires amendment. At sentencing, in response to an objection by O'Connor, the district court amended the PSR to clarify that the jury did not reach a specific finding of guilt as to acts two, four, six and seven in Count One of the indictment. See United States v. Villagrana, 5 F.3d 1048, 1055 (7th Cir.1993) (district court resolving inaccuracies in PSR). O'Connor now argues taht the district court's amendment was insufficient and that Rules 32 and 35 entitle him to have the PSR corrected.
 
 
 3
 Rule 32 does not allow a defendant to amend an alleged inaccuracy in his PSR after the district court has imposed sentence. See United States v. Angiulo, 57 F.3d 38, 41 (1st Cir.1995) (collecting cases); United States v. Giaimo, 880 F.2d 1561, 1563 (2d Cir.1989). Rule 35(a) enables the district court to correct an illegal sentence or an illegally imposed sentence. O'Connor's alleged ambiguity in the presentence report, however, does not render the sentence illegal or illegally imposed. United States v. Atehortua, 875 F.2d 149, 151 (7th Cir.1989); see also United States v. Johnson, 607 F.Supp 258 (D.C.Ill.1985) (new sentencing hearing is not mandated if information in a PSR is accurate or not relied upon by the sentencing judge). Therefore neither Rule 32 nor 35 provide him with a basis of relief.
 
 
 4
 O'Connor also seeks to have the restitution portion of his sentence reviewed because he alleges that the government produced no evidence during the sentencing hearing that Fernando Delgadillo owned any interest in the building that O'Connor burned. However, O'Connor had the opportunity to review and object to the PSR before sentence was imposed. See United States v. Ramusack, 928 F.2d 780, 783 (7th Cir.1991) (Fed.R.Crim.P. 32 requires the sentencing court to question the defendant to ensure he had the opportunity to review and challenge the PSR); United States v. Hamm, 786 F.2d 804, 807-08 (7th Cir.1986). By failing to object then, O'Connor waived this argument. Ramusack, 928 F.2d at 783; see also United States v. Brocksmith, 991 F.2d 1363, 1368 n. 2 (7th Cir.1993), cert. denied, 114 S.Ct. 569 (1993).
 
 B. Inmate Financial Responsibility Program
 
 5
 As part of the sentence, the district court ordered O'Connor to pay "$66,000.00, jointly and severally with codefendant Jeff Waldecker, at such times and in such amounts as directed by the probation officer." The probation office directed O'Connor to participate in the Bureau of Prisons Inmate Financial Responsibility Program (IFRP), see 28 C.F.R. Sec. 545.11, and begin payment of the restitution. O'Connor advised the probation office by letter that he believed that the probation office lacked the authority to direct him to pay restitution. The probation office then asked the district court to order O'Connor to participate in the IFRP. On January 29, 1993, the district court issued such an order. O'Connor timely filed a motion to reconsider that order on February 8, 1993, see Fed.R.App.P. 4(c), and now appeals arguing that the order modified his sentence.
 
 
 6
 When a sentence includes an order for restitution, it is the district court that establishes a method of restitution and payment schedule that the probation office may administer and enforce. United States v. Mohammad, 53 F.3d 1426, 1438 (7th Cir.1995). Because the original sentencing order lacked the specificity required by Mohammad, the district court appropriately corrected the sentence by establishing a method of payment pursuant to Fed.R.Crim.P. 35(a).
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 O'Connor's case is governed by the rules applicable to offenses committed prior to November 1, 1987. See United States v. Corbitt, 13 F.3d 207, 211 (7th Cir.1993)