124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James O'CONNOR, Defendant-Appellant.
 No. 96-2992.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 2, 1997.*
July 8, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied Aug. 1, 1997.
 
 1
 Before BAUER, EASTERBROOK and MANION.
 
 Order
 
 2
 James O'Connor is before this court for a third time. His conviction for racketeering was affirmed five years ago. 953 F.2d 338 (7th Cir.1992). His post-trial motions under Fed.R.Crim.P. 32 and 35 were denied, and that decision was affirmed two years ago. No. 94-238-(7th Cir. Aug. 25, 1995) (unpublished order). O'Connor then pursued a motion under Rule 33, seeking relief on the basis of newly discovered evidence. The district court denied that motion, and we have another appeal.
 
 
 3
 The district court pointed out a fatal problem with the motion: it is not based on newly discovered evidence. O'Connor, who believes that witnesses against him were untruthful, just reargues inferences to be drawn from the evidence at trial. That is not a proper function of a motion under Rule 33. A movant must have new evidence; wishful thinking (plus a request for discovery to seek new evidence) is no substitute for facts.
 
 
 4
 No more is necessary to decide this appeal. O'Connor advances an argument under Brady v. Maryland, 373 U.S. 83 (1963), but his contention likewise lacks evidentiary support. It takes the form that because the witnesses were lying, the prosecutor must have withheld material exculpatory evidence: the truth. A belief is not evidence. If O'Connor has facts on which to base a genuine Brady claim, he may file a petition under 28 U.S.C. § 2255. But he must recognize that, under the amendments to § 2255 made by the Antiterrorism and Effective Death Penalty Act, he has only one try, and should choose wisely. (We need not consider the question whether a Rule 33 motion counts as a collateral attack for purposes of the amended 28 U.S.C. § 2244(b).)
 
 AFFIRMED
 
 
 *
 Under Operating Procedure 6(b), this case has been submitted to the panel that heard O'Connor's most recent appeal. The judges have unanimously concluded that oral argument would not assist the court. See Fed. R.App. P. 34(a); Cir. R. 34( )