**James A. O'CONNOR, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 01–1169.**

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 15, 2001 *.

Decided Aug. 17, 2001.

Before Hon. BAUER, Hon. EASTERBROOK, Hon. MANION, Circuit Judges.

Order

After our remand, see *O'Connor v. United States,* 133 F.3d 548 (7th Cir.1998), the district court denied on the merits O'Connor's petition under 28 U.S.C. § 2255. The judge issued a certificate of appealability limited to a single issue: Whether O'Connor received ineffective assistance of counsel because his lawyer did not argue that the Constitution prevents the prosecutor from relying on prior convictions as predicate offenses in a RICO prosecution.

Actually counsel did make such an argument, resting it on the double jeopardy clause. The contention was renewed on direct appeal and rejected. *United States v. O'Connor,* 953 F.2d 338 (7th Cir.1992). A later decision illuminates a different angle that counsel might have taken: Counsel could have argued that reliance on prior convictions to show the predicate offenses deprives the defendant of a jury trial on all elements of the RICO offense. See *United States v. Pelullo,* 14 F.3d 881 (3d Cir.1994). Until *Pelullo* courts regularly had allowed prior convictions to establish factual propositions at a trial for a different offense, because in the earlier proceeding defendant either used or waived a right to trial by jury, which had found guilt beyond a reasonable doubt. See, e.g., *Hernandez–Uribe v. United States,* 515 F.2d 20 (8th Cir.1975); *United States v. Bejar–Matrecios,* 618 F.2d 81 (9th Cir.1980). The defendant has a right to one trial by jury, not two, on a given charge, and federal crimes that take prior convictions as given are legion. Possession of a weapon by a convicted felon is

---

* This case has been assigned to the panel that has heard O'Connor's prior appeals. See Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

such a crime; the prosecutor can rely on the record of conviction without proving the prior offense anew. *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Cf. *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000): *"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."* (Emphasis added.)

■ But the question now on the table is not whether *Pelullo* and *United States v. Gallardo–Mendez,* 150 F.3d 1240 (10th Cir.1998) (which followed *Pelullo* on non-constitutional grounds), should be preferred over *Hernandez–Uribe, Bejar–Matrecios,* and similar decisions. It is whether O'Connor's lawyer rendered constitutionally deficient performance in 1990 and 1991 by failing to make the argument that prevailed in *Pelullo*—an argument that did not succeed anywhere until after we affirmed O'Connor's sentence. The answer is no. The sixth amendment does not require prescience. A lawyer who forswears arguments that have been tried and failed usually does his client a service by concentrating his appellate brief on the arguments that have the best chance of success. See *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Counsel cannot be labeled substandard for failing to anticipate legal developments. See *Sistrunk v. Vaughn,* 96 F.3d 666, 670–71 (3d Cir.1996); *Wajda v. United States,* 64 F.3d 385, 388 (8th Cir.1995). O'Connor had the benefit of a vigorous attorney who raised the best arguments available at the time. We agree with the district court that he received his due under the sixth amendment.

AFFIRMED