1 .EDWARD A. DUFRESNE, JR., Chief Judge.
Defendant, Shandella Abies, challenges the trial court’s denial of her motion to quash the portion of the bill of information charging her with possession of cocaine. For the reasons which follow, we find no error in the trial court’s ruling.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Shandella Abies, with one count of racketeering, LSA-R.S. 15:1353, and one count of possession of cocaine over 28 grams but less than 200 grams, LSA-R.S. 40:967(F). Although defendant pled not guilty to both charges, she subsequently withdrew her plea to the racketeering charge and entered a plea of guilty to that count.
Thereafter, defendant filed a motion to quash the bill of information on the possession of cocaine charge, claiming that the prosecution for that offense constituted double jeopardy. After a hearing, the trial judge denied defendant’s motion, finding no double jeopardy violation. Following this denial, defendant withdrew her not guilty plea to the charge of possession of cocaine over 28 | «grams but less than 200 grams, and pled guilty to the amended charge of possession with intent to distribute cocaine, LSA-R.S. 40:967(A). Defendant entered her plea pursuant to State v. Crosby, 338 So.2d 584 (La.1976), thereby reserving her right to appeal the ruling on the motion to quash the bill of information.
The trial judge sentenced defendant to one year imprisonment at hard labor on the racketeering conviction and five years imprisonment at hard labor for possession with intent to distribute cocaine. At a later date, the trial court resentenced defendant to the same sentence. Defendant now appeals, challenging the trial court’s denial of her motion to quash the bill of information charging her with possession of cocaine.
Defendant contends that when she pled guilty to racketeering, which was predicated on activity involving possession of cocaine, the subsequent charge of possession of cocaine constituted double jeopardy. Defendant specifically contends that the evidence required to support a conviction for both counts are the same evidence and, *563 thus, she was placed in double jeopardy. We find no merit to this argument.
The Fifth Amendment to the United States Constitution, as well as Article I, § 15 of the Louisiana Constitution prohibit placing a person twice in jeopardy of life or limb for the same offense. See also LSA-C.Cr.P. art. 591. Double jeopardy provisions are intended to protect an accused not only from a second prosecution for the same criminal act, but also multiple punishments for the same act. State v. Lefeure, 00-1142 (La.App. 5 Cir. 1/30/01), 778 So.2d 744, 750, writ denied, 01-1440 (La.9/21/01), 797 So.2d 669.
In State v. Gordon, 00-1013 (La.App. 5 Cir. 11/27/01), 803 So.2d 131, 150, this court stated the test for determining double jeopardy:
Louisiana courts have used two tests in evaluating double jeopardy claims. The first is the “distinct fact” test, taken from the United States Supreme Court’s decision in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.2d [L.Ed.] 306 (1932). Under this test, the question is whether the same act or transaction constitutes a violation of two distinct statutory provisions. To determine whether there are two offenses or only one, the pertinent question is whether each provision requires proof of an additional fact which the other does not. State v. Knowles, 392 So.2d 651, 654 (La.1980); State v. Bridgewater, 98-658, p. 9 (La.App. 5 Cir. 12/16/98), 726 So.2d 987, 991.
The second test is the “same evidence” test. Under that test, if the evidence required to support a finding of guilt as to one crime would also have supported a conviction as to the other, double jeopardy exists. State v. Jackson, 96-661, p. 14 (La.App. 5 Cir. 4/9/97), 694 So.2d 440, 448, writ denied, 97-1050 (La.10/13/97), 703 So.2d 609. Although the Louisiana Supreme Court has accepted both the Blockburger test and the “same evidence” test, it has principally relied on the “same evidence” test to analyze double jeopardy claims. State v. Miller, 571 So.2d 603, 606 (La. 1990).
Defendant herein argues that, under both the Blockburger test and the “same evidence” test, the constitutional protection against double jeopardy prevents the state from separately charging and convicting her on the drug possession charge after she has already been convicted on the racketeering charge.
In denying defendant’s motion to quash, the trial judge relied on State v. Bailey, 97-302 (La.App. 5 Cir. 4/28/98), 713 So.2d 588. In that case, defendant was convicted of one count of racketeering, seven counts of attempted possession of cocaine, one count of distribution of cocaine, and one count of attempted distribution of cocaine. On appeal, Bailey argued that the trial court erred in denying his motion to quash, which alleged that his convictions on the racketeering charge and on the nine overt acts violated the constitutional guarantee against double jeopardy. In addressing Bailey’s argument, this court held that double jeopardy did not bar convictions on both the racketeering offense and the predicate offense. In addition to looking at the legislative intent in enacting Louisiana’s Racketeering Act, the Bailey court looked to the federal courts and stated:
... Thus, we must look to the Legislative intent regarding multiplying defendant’s punishment under these circumstances. |RClearly, in enacting the Racketeering Act, the Legislature expressed its clear intent to increase the punishment for the individual crimes *564 when a pattern of criminal or racketeering activity is also proven.
Moreover, in looking to our federal counterpart we note that the federal courts have consistently held that prosecuting and sentencing of a defendant for both Racketeer Influenced and Corrupt Organization (RICO), 18:1961 et seq. violations and the predicate offenses does not violate double jeopardy. United States v. Padgett, 78 F.3d 580 (4th Cir. 1996); United States v. O’Connor, 953 F.2d 338 (7th Cir.), cert. denied, 504 U.S. 924, 112 S.Ct. 1979, 118 L.Ed.2d 578 (1992); United States v. Evans, 951 F.2d 729 (6th Cir.1991), cert. denied, 504 U.S. 920, 112 S.Ct. 1966, 118 L.Ed.2d 567 (1992); United States v. Amoldt, 947 F.2d 1120 (4th Cir.1991), cert. denied, 503 U.S. 983, 112 S.Ct. 1666, 118 L.Ed.2d 387 (1992); United States v. Erwin, 793 F.2d 656 (5th Cir.), cert. denied, 479 U.S. 991, 107 S.Ct. 589, 93 L.Ed.2d 590 (1986).
State v. Bailey, 713 So.2d at 603.
Defendant contends that Bailey, supra, is distinguishable because in Bailey, the racketeering and underlying charges were prosecuted in one trial setting. Defendant points out that, in this case, there was a conviction for racketeering and a subsequent prosecution for the underlying offense in a different trial setting. The Bailey court, citing to Garnett v. United States, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985), addressed the issue of subsequent prosecutions of an underlying offense to racketeering and stated as follows:
Many of the federal eases holding that the prosecution and sentencing of a defendant to both RICO conspiracy and the predicate offenses does not violate double jeopardy supported their decisions on the holding in Garrett v. United States, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). In Garnett, the court considered whether the Double Jeopardy Clause barred prosecution for a continuing criminal enterprise (CCE) offense after an earlier prosecution for one of the predicate offenses. In that case, the United States Supreme Court held that prosecution for CCE after the prosecution for one of the predicate offenses was constitutional.
State v. Bailey, 713 So.2d at 603-604.
Based on the foregoing jurisprudence, we agree with the trial judge that there was not a double jeopardy bar to the prosecution of defendant for possession of cocaine. Accordingly, we find no error in the trial court’s denial of 1 fidefendant’s motion to quash.
We have also reviewed the record for errors patent pursuant to LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). Our review reveals one error which requires corrective action. We note that the trial court failed to inform defendant of the prescriptive period for post-conviction relief as required by LSA-C.Cr.P. art. 930.8. Thus, we remand the matter to the trial court with instructions to send the appropriate written notice to defendant regarding the prescriptive period for post-conviction relief and to file written proof in the record that defendant received such notice. State v. Cordero, 99-44 (La.App. 5 Cir. 6/1/99), 738 So.2d 84, 93, writs denied, 99-1877 and 99-1878 (La.11/24/99), 750 So.2d 981.
For the reasons set forth herein, we affirm defendant’s convictions and sentences. The matter is remanded for further action in accordance with this opinion.

CONVICTIONS AND SENTENCES AFFIRMED, REMANDED FOR FURTHER ACTION